IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH W. CLARK, | ) | 4:14CV3192 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, ROBERT | ) | |
| OTTE, Judge, MOORE, Judge, JEFF | ) | |
| CHEVRON, Court of appeal, | ) | |
| STEVEN BURNS, Judge, GALE | ) | |
| POKORAY, Judge, PUBLIC | ) | |
| DEFENDER OFFICE, YARDLEY, | ) | |
| Judge, DISTRICT AND COUNTY | ) | |
| ATTORNEY REGIONAL CENTER, | ) | |
| LANCASTER POLICE | ) | |
| DEPARTMENT COMMISSION, | ) | |
| TROY HAWKS, administration of | ) | |
| Nebraska, and DR. MOORE, | ) | |
| Lancaster county jail, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint (Filing No. 1) on September 25, 2014. Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a nonprisoner, filed his Complaint against numerous state court judges, the State of Nebraska, the Public Defender's Office, the "district and county attorney regional center," and the "Lancaster police Department commission." His allegations are nonsensical. The following excerpt is taken from Plaintiff's Complaint:

> Violation of conflic of interes holding inmates over statue limitation cruel
> punishmen false imprisonmen slender and perjury and cover up evidence
> and make me take medicaiton that made be sick and you have to be able
> when you go to trial the bill of rights of the civil of the civil law is a fair
> trial out of all the amendment there are evidence . . . I got bit by a pitbull
> I was a victim and they still charge me and the owner of the dog case
> CR096479 violation conflict of interest cruel punishment prisonerment
> false imprisonment breaking and apartment out a search warrant and
> slander . . .

(Filing No. 1 at CM/ECF pp. 2-3.)

Plaintiff alleged his claims arise under the Constitution, laws or treaties of the
United States and that his civil rights have been violated.  (*Id.* at CM/ECF p. 4.)  For
relief, Plaintiff asks the court to "press[] charges of harassment."  (*Id.* at CM/ECF p. 5.)
He also seeks 10 million dollars for his pain, and for the court to order Defendants to
pay his "dog bite bills" and his attorney.  (*Id.* at CM/ECF p. 4.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine
whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must
dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that
fails to state a claim upon which relief may be granted, or that seeks monetary relief
from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims
across the line from conceivable to plausible," or "their complaint must be dismissed"
for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) ("A claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)*. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002)* (citations omitted).

### III.  DISCUSSION OF CLAIMS

Federal Rule of Civil Procedure 8 requires that pleadings contain "short and plain statement[s]" of the grounds for the court's jurisdiction and of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Even when liberally construed, Plaintiff's Complaint raises no claims and makes no allegations against any Defendant. Thus, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

On the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint that sufficiently describes his claims against Defendants. Plaintiff should be mindful to explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, and what specific legal right Plaintiff believes Defendants violated. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice and without further notice.

### IV.  MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion seeking the appointment of counsel. (Filing No. 6.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)*, the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and

the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.    Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended Complaint that clearly states a claim upon which relief may be granted. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice.

2.    The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: January 16, 2015: Check for amended complaint.

3.    Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

4.    Plaintiff's Motion to Appoint Counsel (Filing No. 6) is denied without prejudice.

DATED this 15th  day of December, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.