IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH W. CLARK,<br><br>                Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, ROBERT OTTE, Judge; MOORE, Judge; JEFF CHEVRON, Court of appeal; STEVEN BURNS, Judge; GALE POKORAY, Judge; PUBLIC DEFENDER OFFICE, YARDLEY, Judge; DISTRICT AND COUNTY ATTORNEY REGIONAL CENTER, LANCASTER POLICE DEPARTMENT COMMISSION, TROY HAWKS, administration of Nebraska; and DR. MOORE, Lancaster county jail;<br><br>                Defendants. | 4:14CV3192<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff Kenneth W. Clark's "Motion[] to Reopen and Reconsider of Law" filed on July 10, 2023. Filing No. 25. Plaintiff's motion consists of only the following statement: "I am make a mo[t]ions to reopen and case of law double jeopardy[.] There no statute of limitation statute law 25-2001, 29-1817, 28-315, false imprisonment in the second degree; penalty class[.]" Id. at 1. Plaintiff then attaches copies of the text of Article I, § 12 of the Nebraska Constitution[1] and Neb. Rev. Stat. §§ 29-1817,[2] 28-315,[3] 25-2001,[4] and 25-839.[5] Id. at 2–35.

---

[1] "No person shall be compelled, in any criminal case, to give evidence against himself, or be twice put in jeopardy for the same offense." Neb. Const. art. I, § 12.

[2] Section 29-1817 permits Nebraska criminal defendants to assert a plea in bar "that he has before had judgment of acquittal, or been convicted, or been pardoned for the same offense."

[3] Section 28-315 defines the offense of false imprisonment in the second degree and its penalty.

[4] Section 25-2001 sets forth the state district court's power to vacate or modify a judgment.

Plaintiff filed his Complaint in this matter on September 25, 2014. Filing No. 1. On December 15, 2014, the Court conducted an initial review of the Complaint and determined it failed to state a claim for relief as the Complaint was "nonsensical" and "raise[d] no claims and ma[de] no allegations against any Defendant." Filing No. 7 at 1, 3. After Plaintiff failed to file an amended complaint, the Court dismissed this matter without prejudice on May 7, 2015. Filing No. 10; Filing No. 11. Plaintiff filed an appeal which the Eighth Circuit Court of Appeals dismissed as untimely on September 16, 2015. Filing No. 22; *see also* Filing No. 24 (mandate entered Nov. 2, 2015). Nearly eight years later, Plaintiff filed the present motion.

Plaintiff's motion is unintelligible, and the Court finds no legitimate reason to reopen this case or reconsider its previous dismissal. Accordingly,

IT IS ORDERED that: Plaintiff's "Motion[] to Reopen and Reconsider of Law," Filing No. 25, is denied.

Dated this 7th day of November, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[5] Section 25-839 sets out the pleading requirements and burden of proof for libel or slander actions.